IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MANNIE MADDOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-cv-700-JPG-DGW |
| | ) |
| **TIMOTHY LOVE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* on appeal and to access the law library (Doc. 46). With regard to his motion to proceed *in forma pauperis* on appeal, Plaintiff has not submitted a copy of his prison trust fund account activity as required by 28 U.S.C. § 1915(a)(2).

**IT IS THEREFORE ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.

Plaintiff is **FURTHER ADVISED** that his obligation to pay the $455 filing fee for this appeal was incurred at the time the notice of appeal was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis* on appeal. *See Newlin v.*

*Helman*, 123 F.3d 429 (7th Cir. 1997).  **Failure to file a certified copy of the prison trust account statement required by 28 U.S.C. § 1915 (a)(2) within thirty days will be construed as equivalent to a decision to dismiss the appeal.**  *See Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996).

With regard to Plaintiff's motion for access to a law library, the Court notes that "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).   Furthermore, the Supreme Court has admonished the lower federal courts not to become enmeshed in the day-to-day operations of prisons in the name of the Constitution,  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), and deciding how much (and when) Plaintiff is allowed to us the prison law library would entangled this Court in the minutiae of prison administration. Should prison officials fail to provide Plaintiff with adequate access to the courts, and if this causes Plaintiff actual prejudice to a non-frivolous claim, Plaintiff may pursue a claim against the appropriate prison officials.  Therefore, Plaintiff's motion for access to the prison law library is **DENIED.**

Also before the Court is Plaintiff's motion to extend his appeal deadlines (Doc. 47).  This motion, however, should be directed to the Seventh Circuit Court of Appeals, not this Court. Accordingly, the Clerk of Court is **DIRECTED TO TRANSFER** Plaintiff's motion to extend

his appeal deadlines (Doc. 47) to the Seventh Circuit Court of Appeals.

      **IT IS SO ORDERED.**

      **Dated: 2/16/2010.**

                                **s/ J. Phil Gilbert**
                                **U. S. District Judge**