UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MANNIE MADDOX,

    Plaintiff,

  v.

TIMOTHY LOVE, JASON GARNETT and
DERWIN L. RYKER,

    Defendant.

Case No. 06-cv-700-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a mandate from the United States Court of Appeals for the Seventh Circuit (Doc. 62).

Plaintiff Mannie Maddox was an inmate at Lawrence Correctional Center ("Lawrence") at all relevant times. He filed this case in September 2006 complaining of the conduct of defendants prison chaplain Timothy Love and wardens Jason Garnett and Lee Ryker relating to his ability to practice his religion in Lawrence, which he believes violated his rights under the First and Fourteenth Amendment, and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and under Article 1, sections 2 and 3, of the Illinois Constitution. The Court construed his complaint to assert the following specific claims and directed the parties to use those designations in all future pleadings:

> **COUNT 1:** Against Defendants Love, Garnett, and Ryker for providing reasonable access to religious materials for members of the Christian faith, but not adherents of the American Hebrew Israelite faith.
>
> **COUNT 2:** Against Defendants Love, Garnett, and Ryker for failing to compensate the outside leader of the American Hebrew Israelite faith in the same manner as leaders of other religious groups.
>
> **COUNT 3:** Against Defendants Love, Garnett, and Ryker for allocating a disproportionately small portion of the available religious budget at Lawrence

> Correctional Center to the American Hebrew Israelite faith.
>
> **COUNT 4:** Against Defendants Love, Garnett, and Ryker for not permitting members of the American Hebrew Israelite faith to participate in group worship services even under the auspices of Defendant Love, the prison chaplain.

The Court then dismissed Counts 2 and 3 at the initial screening pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state claim (Doc. 6). It later dismissed Counts 1 and 4 for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

Maddox appealed the Court's judgment, and the Court of Appeals affirmed the dismissal of Count 1, Maddox's Religious Land Use and Institutionalized Persons Act claim, and Counts 2, 3 and 4 to the extent they sought relief other than money damages from the defendants in their individual capacities for federal constitutional violations. The Court of Appeals further found that Maddox had waived objection to the dismissal of any state law claims, which the Court of Appeals construed as having been dismissed by this Court despite not having been identified in its order defining the claims in the case. Finally, it reversed the dismissal of Counts 2, 3 and 4 to the extent they sought money damages from the defendants in their individual capacities for federal constitutional violations. In so doing, it criticized the way the Court originally structured the claims in this case and recommended a restructuring on remand. Accordingly, the Court **ORDERS** that the remanded portions of Counts 2, 3 and 4 are henceforward restructured, as recommended by the Court of Appeals, as follows:

> **COUNT 2:** Against Defendants Love, Garnett and Ryker for denying Maddox a reasonable opportunity to pursue his African Hebrew Israelite ("AHI") faith in violation of the First Amendment to the Constitution, as applicable to the states by reason of the Fourteenth Amendment.
>
> **COUNT 3:** Against Defendants Love, Garnett and Ryker for denying Maddox the opportunity to practice his faith in a manner comparable to the opportunities afforded fellow prisoners of other faiths, in violation of the equal protection clause of the Fourteenth Amendment.

The Court of Appeals further found Maddox had exhausted his remedies as to his claim the defendants failed to allow group worship (the former Count 4).  Accordingly, Counts 2 and 3 (as redefined in this order) will proceed at this time.

In addition, pursuant to Administrative Order 132, the Clerk of Court is **DIRECTED** to change the assignment of this case from Magistrate Judge Donald G. Wilkerson to Magistrate Judge Philip M. Frazier for further proceedings.  The Court further **DIRECTS** the Clerk of Court to send a copy of this order to Imron T. Aly, Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60601-9703, who represented Maddox in his appeal.  Should Mr. Aly wish to represent Maddox in the remanded case, he shall have up to and including October 3, 2011, to enter his appearance.

**IT IS SO ORDERED.**
**DATED:  September 20, 2011**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**