IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANNIE MADDOX,   )    | |
| )    | |
| Plaintiff,   )    | |
| )    | |
| vs.   )    | Case No. 3:06-700-JPG-PMF |
| )    | |
| TIMOTHY LOVE, et al.,   )    | |
| )    | |
| Defendants.   )    | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (doc. No. 91). Plaintiff Mannie Maddox is challenging the Constitutionality of his former prison confinement, alleging violations of his First Amendment right to freely exercise his religious beliefs (restructured Count 2) and his Fourteenth Amendment right to equal protection (restructured Count 3). Specifically, Maddox alleges that he did not receive a reasonable opportunity to practice his sincerely held African Hebrew Israelite beliefs and that religious opportunities provided to him were not as great as those afforded to inmates holding other religious convictions. The defendant prison officials seek judgment in their favor, claiming that Maddox received ample and comparable opportunities to practice his faith and simply failed to take advantage of the opportunities provided. On February 14, 2013, Maddox was directed to file a responsive brief. He was specifically advised that the absence of a response would be construed as an admission that the defense arguments have substantial merit (Doc. No. 93). The defense motion is not opposed.

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Prisons must permit reasonable opportunities for inmates to exercise religious freedom. *Maddox v. Love*, 655 F.3d 709, 719-720 (7th Cir. 2011) (citing *Cruz v. Beto*, 405 U.S. 319, 322 & n. 2 (1972)). A restriction on an inmate's exercise of his or her religion is permissible if the restriction is reasonably related to a legitimate penological objective, such as security and economic concerns. *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987); *Al–Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991)). The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations. *Maddox v. Love*, 655 F.3d 709, 719-720 (7th Cir. 2011).

The defendants have presented evidence establishing 82 facts. Taken together, these facts show that Maddox received many opportunities to adhere to and practice his African Hebrew Israelite beliefs while he was confined at Lawrence Correctional Center, and further that those religious opportunities were reasonable and provided to inmates in an even-handed manner. In particular, Maddox was allowed to observe religious beliefs concerning diet, the study of religious topics, attendance of non-denominational services, prayer, discussion of religious teachings, and fellowship with fellow believers (Doc. No. 92). Further, there is no indication that any defendant was personally involved in budget decisions, which may have minimally altered overall prisoner religious experiences. Lastly, the evidence shows that Maddox and other members of his faith were treated in the same way as inmate members of other faiths.

IT IS RECOMMENDED that defendants' motion (Doc. No. 91) be GRANTED. Summary judgment should be entered in favor of defendants Timothy Love, Jason Garnett, and Lee Ryker on restructured Counts 2 and 3. If this recommendation is adopted, no claims will remain for decision.

SUBMITTED:  March 21, 2013  .

s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE