UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MANNIE MADDOX,

    Plaintiff,

v.

TIMOTHY LOVE, JASON GARNETT and
DERWIN L. RYKER,

    Defendants.

Case No. 06-cv-700-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Mannie Maddox to vacate (1) the Court's order awarding summary judgment to the defendants Timothy Love, Jason Garnett and Derwin L. Ryker and (2) the final judgment in this case (Doc. 98). Maddox argues that his failure to respond to the defendants' summary judgment motion and the Court's order to show cause, which led to the Court's decision to grant the summary judgment motion, was due to his counsel's mistake and inadvertence that resulted from interoffice communication problems. The defendants have not responded to the motion.

The Court construes the motion to be pursuant to Federal Rule of Civil Procedure 60(b)(1), which allows the Court to vacate a judgment for mistake, inadvertence, surprise or excusable neglect. Where a substantive motion for reconsideration is filed within 28 days of entry of judgment, as this motion was, but asserts grounds for relief not under Rule 59(e) but under Rule 60(b), the Court will construe it as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing

*Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

The Court will grant Maddox's Rule 60(b)(1) motion on the basis of excusable neglect.  Excusable neglect can include omissions through an attorney's carelessness and mistake.  *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (attorney's negligence in meeting summary judgment briefing deadline may be excusable neglect) (citing *In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (excusable neglect in bankruptcy context).  A court should determine whether an attorney's neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith.  *Pioneer*, 507 U.S. at 395; *In re Bulic*, 997 F.2d at 302.  The court has discretion to determine whether neglect is excusable.  *Robb*, 122 F.3d at 361.

In this case, Maddox's failure to respond to the defendants' summary judgment motion and the Court's order to show cause was due to an inadvertent glitch in internal office communications in Maddox's counsel's office.  As a consequence, the attorney assigned by recruited counsel to handle Maddox's case did not receive ECF notices of filings in this case.  Maddox's counsel realized their communication problem and sought relief promptly – two days after entry of judgment – and there is no suggestion of bad faith.  Furthermore, the defendants will suffer no

prejudice from reopening the case at this time. They have already drafted and filed their summary judgment motion, so refiling it will not present a significant obstacle. It will be easy to get this case back on track toward final disposition, whatever that disposition may be.

For the foregoing reasons, the Court:

- **GRANTS** Maddox's motion to vacate judgment (Doc. 98);

- **VACATES** the Court's April 22, 2013, order (Doc. 96) and judgment (Doc. 97) in this case;

- **ORDERS** that the defendants shall have up to and including June 7, 2013, to refile their summary judgment motion. They need not refile their memorandum in support and its attached exhibits unless they wish to do so;

- **ORDERS** that Maddox shall have two weeks to respond to the defendants' summary judgment motion, and the defendants shall have two weeks to reply to that response, if necessary; and

- **REFERS** this matter to Magistrate Judge Frazier pursuant to Local Rule 72.1(a)(2) for further pre-trial proceedings.

**IT IS SO ORDERED.**
**DATED:   May 30, 2013**

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**